**SHERBY et al. v. BROWNLOW et al., Commissioners of District of Columbia.**

(Court of Appeals of District of Columbia. Submitted October 15, 1920. Decided January 3, 1921.)

No. 3459.

1. **District of Columbia ⬤⇒22—Commissioners can park Louisiana avenue and reduce sidewalk width.**

Act April 6, 1870 (Rev. St. D. C. § 225), authorizing the authorities to set apart, as parks, strips of any avenue in the city except Louisiana and three other named avenues, leaving a roadway not less than 35 feet in width, when construed with Act Cong. March 3, 1881, repealing so much of the former act as prohibited the narrowing of the carriageways of those four avenues, restricted only the width of the roadway, but did not prohibit establishing a parkway in the center of Louisiana avenue, and as incidental thereto lessening the width of the sidewalks, so as not to diminish the width of the roadways.

2. **District of Columbia ⬤⇒22—Commissioners with supervisory powers over streets are subject to control by Congress.**

The Commissioners of the District of Columbia are vested with full power to repair and improve the streets and alleys of the District, subject to the reserved authority of Congress to direct the manner in which street improvements shall be carried out.

Appeal from the Supreme Court of the District of Columbia.

Suit by Harry Sherby and others against Louis Brownlow and another, Commissioners of the District of Columbia, to restrain defendants from proceeding with a street improvement. From a decree dismissing the bill, plaintiffs appeal. Affirmed.

C. A. Douglas, Conrad H. Syme, H. H. Obear, and J. V. Morgan, all of Washington, D. C., for appellants.

F. H. Stephens, of Washington, D. C., for appellees.

VAN ORSDEL, Associate Justice. Appellants filed a bill for injunction in the Supreme Court of the District of Columbia to restrain defendants, Commissioners of the District, from proceeding with the improvement of Louisiana avenue, in the city of Washington. The case was heard below on bill and answer, and from a decree dismissing the bill this appeal was taken.

The improvement in question was inaugurated under authority of a provision contained in the District Appropriation Act of June 5, 1920 (41 Stat. p. 845), making an appropriation "for repaving the roadway on Louisiana avenue, Pennsylvania avenue to Tenth street,

---

⬤⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

in accordance with plan approved by the commissioners of the District of Columbia, $60,000."

Louisiana avenue, at the block in question, is 160 feet wide from building line to building line. The paved street or roadway is 80 feet wide, with a sidewalk 40 feet wide on either side. The street on either side is lined with wholesale and retail places of business. The sidewalks, under permits from the District, are occupied by adjacent property owners for the display of their goods. It is averred that in the block in question, business is transacted in excess of $15,000,000 per annum, $6,000,000 of which is retail business.

The improvement contemplates reducing the width of the sidewalk on each side of the street 12½ feet, creating an ornamental parking in the center of the street 25 feet wide, extending the length of the block, and paving roadways 40 feet wide on each side of the parking. It will be observed that the 80 feet of roadway is retained in the two 40-foot ways, and the 12½ feet taken from each of the sidewalks is equivalent to the width of the parking. At present, the property owners occupy 20 feet of the walk adjacent to the building line for the exhibition of their goods, 15 feet of the walk is kept open for the use of the public, and 5 feet adjacent to the curb is used as a platform for loading and unloading goods. The plan of improvement contemplates the reduction of the space for exhibiting goods from 20 feet to 10½ feet, the reduction of the space for pedestrians from 15 feet to 12 feet, and the retaining of the 5 feet for platform as at present.

[1] In this proceeding a number of the property owners challenged the authority of the Commissioners to make this change. Appellants pitch their case upon the act of Congress of April 6, 1870, 16 Stat. 82 (section 225, R. S. D. C.), which provides:

"The proper authorities of the District are authorized to set apart from time to time, as parks, to be adorned with shade trees, walks, and inclosed with curbstones, not exceeding one-half the width of any and all avenues and streets in the said city of Washington, except Pennsylvania, Louisiana, and Indiana avenues, and Four-and-a-Half street between the City Hall and Pennsylvania avenue, leaving a roadway of not less than thirty-five feet in width in the center of said avenues and streets, or two such roadways on each side of the park in the center of the same, but such inclosures shall not be used for private purposes."

It is urged that Louisiana avenue is excepted from the general power conferred upon the authorities of the District in respect of parking the avenues of the city, that this limitation has not been removed, and that the act of 1920 does not operate to repeal it by implication.

By the act of Congress of March 3, 1881 (21 Stat. 458, 462), an act making appropriations for the District of Columbia, it was provided:

"That so much of the act of Congress, approved April sixth, eighteen hundred and seventy, as prohibits the Commissioners of the District of Columbia from narrowing the carriageways of Louisiana and Indiana avenues and a portion of Fourth-and-a-Half street be, and the same is hereby, repealed."

Construing the acts of 1870 and 1881 together, it is apparent that the restriction in the earlier act extended only to a limitation in the width of the roadway on each side of the parking that the authorities,

acting under the general power conferred by the act, might thereafter construct in Pennsylvania, Louisiana and Indiana avenues and Four-and-a-Half street. No limitation was placed upon the authorities of the District in respect of constructing parking in those streets, the restriction being only to the width of the roadway. Otherwise, the act of 1881 is meaningless. Inasmuch as this construction harmonizes the two acts and gives effect to the interpretation which Congress itself by the later act placed upon the earlier act, we are forced to the conclusion that the authority to construct parking in Louisiana avenue was conferred by the act of 1870, which authority still exists.

Coming to the present act, the question whether it, by implication, authorizes the construction of parking in Louisiana avenue is eliminated by our interpretation of the act of 1870. Being in harmony with the prior acts, Congress undoubtedly deemed it unnecessary to specifically set out the character of improvement to be made, but delegated to the Commissioners power to repave the street in accordance with plans to be approved by them. We think the reduction of the width of the sidewalks is merely incidental to the proper execution of the duties thus imposed.

[2] The Commissioners are vested with full power to repair and improve the streets and alleys of the District. In Barnes v. District of Columbia, 91 U. S. 540, 549, 23 L. Ed. 440, the court, considering the power vested in the Board of Public Works, said:

"This board is invested with the entire control and regulation of the repair of streets and alleys, and all other works which may be intrusted to their charge by the legislative assembly or Congress. They shall disburse all the money appropriated by the legislative assembly or by Congress, or collected from property holders for the improvement of streets and alleys."

The Commissioners of the District have succeeded to all the authority which formerly belong to the Board of Public Works. In McBride v. Ross, 13 App. D. C. 576, 578, the court said:

"The Commissioners, three in number, are its governing officers, and in that capacity have succeeded to the control over the streets and highways that was once vested in the Board of Public Works under the preceding municipal government. * * * They are, by existing laws, as we have seen, invested with the control and regulation of the public streets of the city of Washington, with certain exceptions in which the street in question is not included. In addition to this, a recent act of Congress, enacted apparently to remedy an omission pointed out in the case of District of Columbia v. Libbey, 9 App. D. C. 321, expressly transfers to and vests in the Commissioners the jurisdiction and control of the street parking in the streets and avenues. 30 Stat. 570."

Notwithstanding this general supervisory power vested in the Commissioners, Congress unquestionably has reserved to itself authority to direct the improvement of a street to be carried out under plans approved by the Commissioners, as in this instance, or according to specific directions and limitations expressed in the act, as has been done frequently in the course of street improvement in the District. In either instance, however, the general authority of the Commissioners is only restricted to the extent of the express provisions of the particular act.

The decree is affirmed, with costs.

Affirmed.